# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| WILLIAM JACKSON RANCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security Administration,<br><br>　　　　Defendant. | Case No. 4:14-cv-76-JVB-JEM |

## OPINION AND ORDER

Plaintiff William Jackson Rance seeks judicial review of the Social Security Commissioner's decision denying him disability benefits, and asks this Court to remand the case. For the reasons below, the Court remands the case.

**A.　Overview of the Case**

Plaintiff alleges that he became disabled on April 10, 2009, following an accident at work. (R. at 32.) Plaintiff had previously worked as a truck tire delivery driver. (R. at 147.) Administrative Law Judge John P. Giannikas found that Plaintiff suffered from several severe conditions: residual status post right wrist, hip, and pelvic fractures; spinal degenerative disc disease; obesity; depressive disorder; intermittent explosive disorder; and personality disorder. (R. at 35.) Nonetheless, the ALJ concluded that Plaintiff could still do various kinds of unskilled sedentary work, as long as Plaintiff did not have to interact with the public. (R. at 47.) Therefore, the ALJ denied him benefits. (R. at 47.) This denial became final when the Social Security Appeals Council denied Plaintiff's request for review. (R. at 12.)

### B. Standard of Review

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

### C. Disability Standard

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

### D. Analysis

Plaintiff argues that the ALJ: (1) committed various procedural violations, including failing to record off-record conversations and having one medical witness question another; (2) should have given greater weight to Plaintiff's treating neurologist; (3) improperly disregarded Plaintiff's vocational specialist; and (4) should have included the requirement of a

wrist brace in the hypothetical question posed to the ALJ's vocational expert.

**(1)** *Although Plaintiff has not shown specific procedural errors, the hearing was excessively adversarial*

At Plaintiff's hearing, the ALJ had the Commissioner's medical expert cross-examine Plaintiff's neurologist. (R. at 98–102.) Plaintiff argues that this violated the Commissioner's *Hearings, Appeals, and Litigation Law Manual*, which specifies that the claimant, claimant's representative or ALJ may cross-examine witnesses but does not provide for anyone else doing so. HALLEX § 1-2-6-70.

The circuits are split on whether to treat HALLEX as binding in social security appeals. *Compare Moore v. Apfel*, 216 F.3d 864, 868–69 (9th Cir. 2000) (holding HALLEX is an internal manual without legal influence) *with Newton v. Apfel*, 209 F.3d 448, 459–60 (5th Cir. 2000) (holding an ALJ commits reversible error if the ALJ's failure to follow HALLEX prejudices a claimant). The Seventh Circuit has thus far declined to rule on the question. *See*, *e.g.*, *Cromer v. Apfel*, 234 F.3d 1272, 1273 (7th Cir. 2000) (observing that both rules would lead to the same result on the facts of that case).

Here as in *Cromer*, it appears that the ALJ's procedural choice would stand regardless of which rule is chosen. Although HALLEX § 1-2-6-70 lists certain people who can ask questions at an ALJ hearing, it does not purport to be an exhaustive list. And Plaintiff does not allege that he was prevented from questioning any witness at the hearing. So even if HALLEX binds the Commissioner, the provision in question was not violated here.

Plaintiff also alleges off-record conversations at the hearing. However, Plaintiff supports this allegation only with assertions made in the text of Plaintiff's brief, and not with evidence. (DE 25 at 16.) Accordingly, Plaintiff has not demonstrated a procedural error on that basis.

3

Nonetheless, the ALJ's conduct of the hearing is troubling. Social Security Administration regulations guarantee that the hearing before the ALJ will be nonadversarial. 20 C.F.R. § 416.1400(b). The hearing transcript betrays a pervasively argumentative treatment of Plaintiff's witnesses, and particularly his treating physician (R. at 93–107), that is at odds with that guarantee. Thus, Plaintiff did not receive the nonadversarial hearing to which he was entitled by law.

**(2)** *The ALJ unreasonably discounted the credibility of Plaintiff's neurologist*

ALJ credibility determinations are entitled to deference because the ALJ is "in a special position to hear, see, and assess witnesses." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). Thus, a credibility determination will be upheld as long as it is explained in a way that allows the court to determine that the ALJ logically based the determination on specific findings and record evidence. *Id.* at 816.

The ALJ's discounted the credibility of Plaintiff's neurologist because his testimony was inconsistent with other evidence, including the neurologist's own previous notes. (R. at 40.) But on examining that transcript of the hearing, it appears that the neurologist's testimony was based on an MRI that the ALJ and medical expert did not have, and which related to a different examination than the notes that supported the credibility judgment. (R. at 107.) Upon discovering that the MRI was missing, the medical expert promised to "search it out." (R. at 107.) But the record is silent as to whether this MRI was ever located, or whether it supported or undermined the neurologist's testimony.

In view of this significant gap in the record, the ALJ did not provide a logical reason for discounting the credibility of Plaintiff's treating neurologist.

**(3)** *The ALJ reasonably discounted non-medical evidence that was contrary to medical evidence*

Plaintiff argues that the ALJ should have given greater consideration to the testimony and opinion of Plaintiff's own vocational specialist. (DE 25 at 26.) SSA rules allow the ALJ to consider evidence from nonmedical sources such as a vocational specialist, but it don't require the ALJ to give such evidence any particular weight. SSR 06-03p. Such reports can be discounted to the extent that they contradict medical evidence. *Id.* The ALJ addressed the specialist's opinion, but gave it little weight, in part because it was not supported by the available medical evidence. (R. at 45.) Thus, the ALJ's weighing of Plaintiff's non-medical evidence was reasonable.

**(4)** *The ALJ reasonably concluded that Plaintiff does not need a wrist brace*

Plaintiff argues that the ALJ should have incorporated the need for a wrist brace in the assessment of Plaintiff's residual functional capacity (RFC). There was evidence in the record, including Plaintiff's repeated self-reports, that Plaintiff needed a wrist brace. However, there was also evidence, including the findings of an orthopedic expert, that he did not need a brace. (R. at 42.) Plaintiff's objection would require this Court to reweigh the evidence to find a functional limitation that the ALJ found inadequately supported by the evidence. Accordingly, there is no basis for reversal here: the ALJ's conclusion that Plaintiff does not need a wrist brace was based on substantial evidence.

**E.     Conclusion**

Plaintiff did not receive the nonadversarial hearing to which he was entitled, and the ALJ's credibility determination as to Plaintiff's neurologist lacked a logical explanation.

Accordingly, the Court remands the ALJ's decision to the agency.

SO ORDERED on March 29, 2016.

S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE